UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS

        Plaintiff,

-vs-

CITY OF WARREN, and
AURTHUR RUCINSKI III,
in his individual capacity,

        Defendants.

Case No.
Hon.
Mag.

---

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorneys for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com

---

There is no other civil action between these parties arising out of the same transactions or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Nikos Kidis, by and through his attorneys, **RUNYAN LAW GROUP**, and submits the following for his Complaint:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3.     This Court has jurisdiction to issue declaratory relief, and other relief under 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Warren, County of Macomb, State of Michigan

## PARTIES

5.     Plaintiff Nikos Kidis is a resident of the County of Macomb, State of Michigan.

6.     Defendant Officer Aurthur Rucinski III ("Rucinski"), sued in his individual capacity, is a police officer employed by the Warren Police Department

2

and, by all information and belief, resides in the County of Macomb, State of Michigan.

7. Defendant City of Warren is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the City of Warren Police Department.

## FACTUAL ALLEGATIONS

8. On or about August 16, 2024, Defendant City of Warren Police Department allegedly received a report that Plaintiff had committed a "hit-and-run."

9. As a result of the report, Defendant Rucinski went to Plaintiff's residence.

10. Upon arrival, Plaintiff was sitting in his truck parked in the driveway of his residence smoking a cigarette.

11. Defendant Rucinski approached Plaintiff's vehicle, opened the driver side door, and immediately grabbed Plaintiff by the wrist.

12. Defendant Rucinski ordered Plaintiff to step out of the vehicle.

13. As Plaintiff was attempting to comply with the order, Defendant Rucinski ripped Plaintiff out of the vehicle and threw Plaintiff face-first onto the cement.

14. Once on the ground, Plaintiff was lying flat on his stomach, and Defendant Rucinski was on top of Plaintiff with his knee in Plaintiff's back and Plaintiff's right hand secured behind Plaintiff's back.

15. While on the ground, Plaintiff turned his head to the right in a non-aggressive manner, while asking Defendant Rucinski why he was "beating [Plaintiff] up."

16. As Plaintiff turned his head, Defendant Rucinski punched Plaintiff in the face.

17. Plaintiff turning his head to the right did not pose any danger or risk of danger to Defendant Rucinski who remained on top of Plaintiff with his knee.

18. As a result of Defendant Rucinski's excessive use of force, Plaintiff sustained facial injuries and torn ligaments in his shoulder.

19. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including but not limited to the following:

    a. Stress;

    b. Humiliation;

    c. Embarrassment;

    d. Outrage;

    e. Mental anguish;

    f. Fear and mortification;

    g. Emotional Damages;

h.   Economic damages;

i.   Non-economic Damages;

j.   Attorney fees and costs;

k.   Other damages to be discovered through the course of litigation

## CLAIMS FOR RELIEF

### COUNT I
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
### *(Against Defendant Rucinski)*

20.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

21.   Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

22.   The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

23.   Defendant Rucinski is a "person," as defined under 42 U.S.C. § 1983, and as an agent of the City of Warren and the Warren Police Department, was acting under the color of state law at all times relevant to this action.

24.   By engaging in the above-described acts, Defendant, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

5

25. Plaintiff's right to be free from excessive force as described herein was clearly established at the time of the subject incidents.

26. Defendant acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

27. As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiff suffered and continues to suffer injuries, damages and losses as set forth herein.

28. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II**
***MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983**
***(Against the City of Warren)***

29. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

31. The foregoing rights were clearly established at the time of the violations.

32. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by the

City of Warren, acting under the color of its statutory and legal authority, including but not limited to:

    a. Implementing a policy and practice of imposing unnecessary and excessive force and/or unlawful search seizure and arrest;

    b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

    c. Improperly training, authorizing, encouraging, or directing officers on illegal search, seizure, and arrest

    d. Failing to investigate allegations of excessive force, illegal search, illegal seizure, and unlawful arrest.

    e. Failing to discipline officers for violations of policy related to excessive force, illegal search, illegal seizure, and/or unlawful arrest.

33. These customs, policies, and practices of the City of Warren Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendant upon the Plaintiff.

34. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiff's constitutional rights.

35. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

36. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights under

the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT III
## ASSAULT & BATTERY
### *(Against Defendant Rucinski)*

37.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

38.     At all relevant times the individual Defendant acted within the course and scope of their employment with the Warren Police Department within the apparent scope of their agency as agents of the Warren Police Department and Defendant City of Warren.

39.     The use of excessive force against Plaintiff amounted to an assault and battery upon Plaintiff and said assault and battery was committed without provocation, privilege, or justification.

40.     As a direct and proximate result of the Defendant's intentional, deliberate and/or grossly negligent conduct, done either individually and/or while acting in concert, Plaintiff wrongfully suffered those damages and harm specifically enumerated above.

## DEMAND FOR RELIEF

Plaintiff requests that this Court:

　　　a.  Assert jurisdiction over this matter;

8

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e. Grant other appropriate relief.

Respectfully submitted,

*/s/ Zachary T. Runyan*
Zachary T. Runyan (P83671)
**RUNYAN LAW GROUP**
31211 Jefferson Ave
Saint Clair Shores, MI 48082
Phone: (248) 341-0794
Email: zrunyan@runyanlawgroup.com

Dated: August 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS

       Plaintiff,                   Case No.
                                         Hon.
-vs-                                Mag.

CITY OF WARREN, and
AURTHUR RUCINSKI III,
in his individual capacity,

       Defendants.
_____

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorneys for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com
_____

## JURY DEMAND

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-

captioned matter.

                             Respectfully submitted,

                             */s/ Zachary T. Runyan*
                             Zachary T. Runyan (P83671)
                             **RUNYAN LAW GROUP**
                             31211 Jefferson Ave
                             Saint Clair Shores, MI 48082
                             Phone: (248) 341-0794
Dated:  August 12, 2026           Email: zrunyan@runyanlawgroup.com